[No. A036909. First Dist., Div. Three. Dec. 8, 1987.]

THE PEOPLE, Plaintiff and Respondent, v.
CHRISTOPHER ALLEN GORAK, Defendant and Appellant.

COUNSEL

Steven F. Shatz, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Ann K.

Jensen and Cynthia Choy Ong, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**WHITE, P. J.**—Defendant and appellant Christopher Allen Gorak appeals from the judgment of the Superior Court of Sonoma County entered after he entered a plea of nolo contendere to the charge of receiving stolen property (Pen. Code, § 496) and the charge of burglary (Pen. Code, § 459) was dismissed on the motion of the district attorney. Appellant's sole contention on appeal is that the trial court erred in denying his motion to suppress evidence (an air compressor) pursuant to Penal Code section 1538.5. Appellant contends on appeal that the seizure of the air compressor cannot be justified as an inventory or caretaking function; the seizure of the air compressor was the fruit of an illegal detention and arrest; and the theory of inevitable discovery is not applicable to the instant case.

In order to address appellant's contention that his motion to suppress was improperly denied it is necessary to set out the evidence that was introduced at the Penal Code section 1538.5 hearing. Deputy Sheriff Kevin Young testified that on August 17, 1986, at approximately 12:40 a.m., he made a traffic stop of a vehicle with no license plate lights in violation of Vehicle Code section 24601. Appellant was the driver and the sole occupant of the vehicle, which was a white Pinto sedan. While Young was checking appellant's identification, he saw a large green air compressor in the back seat of the car. The electrical lines and air lines appeared to have been broken off because the ends of the lines were frayed and jagged. Water was leaking out of a broken line.

Although Young had no information concerning the theft of an air compressor, he suspected the air compressor might have been stolen. Deputy Young asked appellant to exit his vehicle which appellant did. Young then inquired of appellant from where he had obtained the air compressor. Appellant replied that he had obtained the air compressor from a friend for $25. Young testified that during the time that he was asking appellant simple questions, appellant seemed agitated. "He was grinding his teeth and he was clinching his fists." The deputy asked appellant to stand still, but appellant was unable to do so and continued to walk back and forth. Deputy Young suspected that appellant might be under the influence of a controlled substance. Deputy Young had not had much experience in evaluating people who were under the influence of a controlled substance.

Because of appellant's behavior, Deputy Young, who was the only law enforcement officer on the scene, thought that he might have a problem controlling appellant and placed appellant in the rear of the patrol car. Deputy Young wanted to have another officer evaluate appellant in an effort to ascertain if in fact appellant was under the influence of a controlled substance. Deputy Smiley arrived 10 minutes after appellant had been placed in the rear of the patrol car. Deputy Smiley agreed with Deputy Young's opinion that appellant was under the influence of a controlled substance and placed appellant under arrest. The arrest occurred approximately 20 minutes after appellant had been detained.

While Deputy Young was awaiting the arrival of Deputy Smiley, he attempted to see if he could visibly see some identification marks on the air compressor. After Smiley's arrival and before appellant was evaluated by Officer Smiley, the two officers were able to remove the air compressor from the back seat of the car and to obtain the serial number of the air compressor. Deputy Smiley was at the scene of the stop for 10 minutes before he placed appellant under arrest.

Young ran a check on the serial numbers on the compressor as well as on the license plate number of appellant's car and appellant's driver's license number. The check on all three items came back clear. Young took the compressor to the police station because "that area is a very bad crime area. I don't believe it would have been there the next day if I hadn't taken it."

Appellant testified at the suppression hearing that the deputies left his car at the scene, unlocked and with the keys still in the car.

I

The issues at appellant's motion to suppress evidence was the legality of the seizure of an air compressor which was in plain view in his automobile and the legality of the movement of such compressor to obtain the serial number of the compressor. In the trial court the district attorney sought to justify the search and seizure of the air compressor on the theories that it was an inventory search or necessary for safe keeping or that the inevitable discovery doctrine applied. ██ On appeal the People argue that the officers had probable cause to search the air compressor because all the circumstances surrounding the stop and the condition of the compressor suggested that it was stolen. Appellant contends that the People may not raise a new argument for the validity of a search for the first time on appeal. The People also argue on appeal that appellant has no standing to raise the validity of the search and seizure of the air compressor since it did not

belong to him. Appellant contends he has standing since he had a possessory interest in the compressor.

■ Appellant asserts that the legality of the search and seizure of the air compressor is necessarily tied to the legality of his detention. Appellant contends that Deputy Young only had legal justification to detain him for the length of time that it took to write a citation for a violation of Vehicle Code section 24601. We agree with appellant under the authority of the recent United States Supreme Court case of *Arizona* v. *Hicks* (1987) 480 U.S. 321 [94 L.Ed.2d 347, 107 S.Ct. 1149], that the movement of the air compressor in order to obtain a serial number constitutes a search which must be based upon probable cause. However, we have concluded that the detention and arrest of appellant was lawful and that the search and seizure of the air compressor was based upon probable cause.

■ A detention occurs if an individual is stopped because the officer suspects he or she may be personally involved in some criminal activity. (*In re Tony C.* (1978) 21 Cal.3d 888, 895 [148 Cal.Rptr. 366, 582 P.2d 957].) The scope of the intrusion permitted when a person is detained "will vary to some extent with the particular facts and circumstances of each case. This much, however, is clear: an investigative detention must be temporary and last no longer than is necessary to effectuate the purpose of the stop. Similarly, the investigative methods employed should be the least intrusive means reasonably available to verify or dispel the officer's suspicion in a short period of time." (*Florida* v. *Royer* (1983) 460 U.S. 491, 500 [75 L.Ed.2d 229, 238, 103 S.Ct. 1319].) The United States Supreme Court has refused to adopt "any outside time limitation" on a lawful detention. (*United States* v. *Place* (1983) 462 U.S. 696, 709 [77 L.Ed.2d 110, 122, 103 S.Ct. 2637].)

■ In *United States* v. *Sharpe* (1985) 470 U.S. 675, 686-687 [84 L.Ed.2d 605, 615-616, 105 S.Ct. 1568], the United States Supreme Court stated the following with regards to the length of a detention: "In assessing whether a detention is too long in duration to be justified as an investigative stop, we consider it appropriate to examine whether the police diligently pursued a means of investigation that was likely to confirm or dispel their suspicions quickly, during which time it was necessary to detain the defendant. [Citations.] A court making this assessment should take care to consider whether the police are acting in a swiftly developing situation, and in such cases the court should not indulge in unrealistic second guessing. [Citation.] A creative judge engaged in post hoc evaluation of police conduct can almost always imagine some alternative means by which the objectives of the police might have been accomplished. But '[t]he fact that the protection of the public might, in the abstract, have been accomplished by "less intrusive"

means does not, by itself, render the search unreasonable.' [Citations.] The question is not simply whether some other alternative was available, but whether the police acted unreasonably in failing to recognize or to pursue it."

■ Deputy Young believed that appellant was under the influence of a controlled substance, but given his limited experience in the area, he wanted to confirm his belief. Deputy Young's belief that appellant was under the influence of a controlled substance justified the detention even though the deputy felt the need to have his belief confirmed before arresting appellant. A detention may be justified on facts that fall short of probable cause to arrest. In order to confirm his belief he asked for another officer to be sent to the scene of the detention and in fact Deputy Smiley arrived very soon thereafter. The procedure employed by the law enforcement officers was one that would rapidly exonerate the innocent and discover the guilty. (See *People* v. *Hunt* (1977) 19 Cal.3d 888, 893 [140 Cal.Rptr. 651, 568 P.2d 376]; *People* v. *Floyd* (1970) 1 Cal.3d 694, 714 [83 Cal.Rptr. 608, 464 P.2d 64], cert. den. *sub nom. Floyd* v. *California* (1972) 406 U.S. 972 [32 L.Ed.2d 672, 92 S.Ct. 2418], disapproved on other grounds in *People* v. *Wheeler* (1978) 22 Cal.3d 258, 287, fn. 36 [148 Cal.Rptr. 890, 583 P.2d 748]; *People* v. *Colgain* (1969) 276 Cal.App.2d 118, 129 [80 Cal.Rptr. 659].) If Officer Smiley had not believed that appellant was under the influence of a controlled substance, he would have been free to leave if probable cause did not exist to believe that the air compressor had been stolen. Since the "police diligently pursued a means of investigation that was likely to confirm or dispel their suspicions quickly, during which time it was necessary to detain the defendant" (*United States* v. *Sharpe, supra,* 470 U.S. at p. 686 [84 L.Ed.2d at p. 616]), the 20-minute detention was not unreasonable and the search of the air compressor was not the fruit of an illegal detention or arrest.

The fact that appellant was placed in the patrol car while detained awaiting the arrival of another officer does not mean that appellant was under arrest during this time. In *People* v. *Craig* (1978) 86 Cal.App.3d 905, 912-913 [150 Cal.Rptr. 676], the Court of Appeal upheld a temporary detention where the defendants were placed in the back seat of a secured patrol vehicle while awaiting the victim's arrival. Like *Craig,* Deputy Young in the instant case properly secured appellant while awaiting the arrival of the other police officer. Once Deputy Smiley confirmed Deputy Young's suspicion that appellant was driving under the influence of a controlled substance, appellant was lawfully arrested.

■ We must now determine whether the People can justify the search and seizure of the air compressor on the ground that there was probable

cause for such search (*United States* v. *Ross* (1982) 456 U.S. 798 [72 L.Ed.2d 572, 102 S.Ct. 2157]), since the People did not seek to justify the search and seizure on said ground in the trial court. ■ The People may only raise a new ground to justify a search on appeal where there does not appear to be any further evidence that could have been introduced to defeat the theory in the trial court and therefore the question of application of the new ground to a given set of facts is a question of law. (*Green* v. *Superior Court* (1985) 40 Cal.3d 126, 137-139 [219 Cal.Rptr. 186, 707 P.2d 248], cert. den. 475 U.S. 1087 [89 L.Ed.2d 727, 106 S.Ct. 1472].) ■ Appellant contends that the exception to the general rule is inapplicable to the instant case because "the facts essential to a determination of probable cause were never litigated (e.g. Officer Young's knowledge about air compressors or air compressor thefts), and the trial court made no determination of the facts."

First it is necessary to consider whether Deputy Young had probable cause to believe the air compressor was stolen and therefore had probable cause to search the car and examine the air compressor. ■ Law enforcement officers may search an automobile if they have probable cause to believe the car contains contraband. (*United States* v. *Ross, supra,* 456 U.S. at p. 809 [72 L.Ed.2d at pp. 583-584].) Probable cause exists when there is a fair probability that contraband or evidence of a crime will be found in a particular place. In making this determination a practical, commonsense approach is to be applied in considering all relevant factors. (*Illinois* v. *Gates* (1983) 462 U.S. 213, 238 [76 L.Ed.2d 527, 548, 103 S.Ct. 2317]; *United States* v. *Ross, supra,* at p. 809 [72 L.Ed.2d at pp. 583-584].) **(1d)** In the instant case Deputy Young had a good faith belief that the air compressor was stolen, and that good faith belief was objectively reasonable. (*United States* v. *Ross, supra,* at p. 808 [72 L.Ed.2d at p. 583].) Deputy Young testified that he believed the air compressor was stolen and mentioned such facts as the electrical lines and air lines appeared to have been broken off because the ends of the lines were frayed and jagged, and water was leaking out of a broken line. Deputy Young was questioned regarding whether he had any information regarding any thefts of air compressors and he indicated that he had no such information. Applying a commonsense approach, an air compressor would not have been in the condition that Deputy Young observed if it had been removed under almost any normal circumstance. We therefore hold that Deputy Young's belief that the air compressor was stolen was reasonable and constituted probable cause to search the car or at least examine the air compressor for any identifying marks or the serial number.

The second part of our analysis is whether appellant could have introduced any evidence at the suppression hearing which would have defeated

the theory that Deputy Young had probable cause to search the car or the air compressor. Since Deputy Young testified that he had no knowledge of any thefts of air compressors, the only fact that appellant asserts on appeal that could have defeated this theory which was not litigated at the suppression hearing was the extent of Deputy Young's knowledge of air compressors. We hold that the fact that Young did not have knowledge of any thefts of air compressors or any special knowledge of air compressors in general would not have defeated the theory that the search was based on probable cause given application of a commonsense approach to the facts known to Deputy Young at the time of the search.

The search of the air compressor which was in appellant's car was legal since the search was based on probable cause.

The judgment is affirmed.

Barry-Deal, J., and Merrill, J., concurred.

A petition for a rehearing was denied January 6, 1988, and appellant's petition for review by the Supreme Court was denied March 24, 1988.